## Case No. 15,596.

### UNITED STATES v. LIBBY et al.

[1 Hask. 271.] [1]

District Court, D Maine. May, 1870.

GUARANTY — ACCEPTANCE — COMMENCEMENT OF CRIMINAL PROCEEDINGS.

1. A guarantor of the payment of a specific sum offered the United States in compromise of its claim for taxes, fines and penalties, is not liable upon the guaranty, until the specific offer secured by it has been accepted.

2. It would seem, that criminal proceedings commenced in such case by the United States after the offer had been made and before its acceptance, would operate as a rejection of the offered compromise and destroy the guaranty.

[Action by the United States against Harrison J. Libby and others.]

Debt, upon a guaranty conditioned to secure the payment of a sum offered the United States in compromise of its claim for taxes, fines and penalties.

Plea, performance, in that the offer of compromise had not been accepted, but had been rejected. The cause was submitted upon an agreed statement of facts.

George F. Talbot, U. S. Dist. Atty.

Charles F. Libby and Joseph W. Symonds, for defendants.

FOX, District Judge. It appears that one A. Linn was a woolen manufacturer at Hartland in this state, from July, 1864, to March, 1867, and that during that period, he was in the habit of making false returns of his sales under the internal revenue law. His frauds having been discovered, he made, on the first day of June, 1867, to the commissioner of internal revenue, a written proposal to pay the government by way of

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

compromise of his liabilities, the amount of deficiency of his taxes, viz, $2,786.41, with a penalty of fifty per cent. on that amount, together with a fine of $2,000, these sums in the aggregate amounting to $6,178.61. On the 2d of August, 1867, the commissioner requested that the entire amount offered by way of compromise by Linn be at once deposited with the collector, or that good security be taken therefor, pending the consideration of his offer. On the 20th of August, 1867, the defendants executed the guaranty which is the foundation of the present suit, in which, after reciting Linn's proposal and the request of the commissioner for security, "they acknowledge themselves holden and bound unto the United States for the full amount of said tax, penalty and fine, in case said Linn's proposition for a compromise is accepted, and hereby agree to pay the same on demand after notice of such acceptance."

On the 21st of October, 1867, Linn wrote the commissioner of internal revenue a letter, in which after referring to his proposition for the adjustment of this matter he says: "I have to say that when I made that proposition I was acting under a misapprehension of the facts, and I respectfully request, that action may be suspended on said proposition for a short time. The reason why I request this suspension is, I think I can satisfy you, I ought not in justice to pay the amount there stated. I do hope and pray you will grant my request."

No further action was taken in the matter by the government or Linn, until April 30, 1868. On that day, the commissioner addressed a letter to Mr. Sanborn, the collector in Linn's district, as follows: "Mr. Linn stated in October last, that his offer in compromise was made under a misapprehension. You will please report, whether he now desires to pay the sum offered, and if so, what reasons there are why the offer should be accepted, without instituting proceedings for the recovery of the penalties imposed by law."

May 15, 1868, the commissioner directed an assessment to be made against Linn for the taxes due, without including the penalty. This was done, and the tax, viz, $2,786.41, was paid June 30th. In July, the commissioner of internal revenue directed criminal proceedings to be instituted against Linn for these false returns, and on the 17th of that month, he was brought before Mr. Commissioner Clifford, and held to bail in the sum of $3,000 for his appearance at the September term of the circuit court, when an indictment was found against him for thus violating the provisions of the internal revenue act, which is still pending in that court, the party not having been put upon trial. The defendants became his bail in this proceeding upon their understanding and belief, that they were no longer liable on this guaranty.

August 20, 1868, Linn made a new proposition to the department, viz, after stating that he had paid the tax of $2,786.41, he asks the commissioner to compromise his said delinquencies and discharge him from arrest and liability in the case on the payment of a fine of $3,500, being $1,500 more than the amount of fine originally proposed, together with all costs and expenses incurred in the prosecution and management of the case.

June 10, 1869, the commissioner writes the district attorney as follows: "I have duly considered the proposition of Archibald Linn, 3d Dist. Me., to compromise his liabilities for deficient and fraudulent returns as a woolen manufacturer, in May, 1867. I have decided with the advice of * * * to accept the terms offered in compromise, the defendant to pay the sum of $4,179.61 as tax and assessed penalty, together with the further sum of $2,106.80, as specific penalty. You will please notify the party of the acceptance of these terms, and on compliance therewith and the payment of all costs, you will dismiss the case." Notice of this communication was given to Linn, June 14, 1869, and the case finds that was the first and only notice which Linn or the defendants ever received of the acceptance by the government of any offer of compromise, and that defendants were not notified of the acceptance until the day this action was commenced.

All the liability of these defendants to the government, in the present suit, is by virtue of their agreement of August 20th, which is definite and specific in its terms; by it they became bound unto the government for the full amount of the tax, penalty and fine, as stated in Linn's proposition for a compromise, if the same should be accepted, and they promise and agree to pay the same on demand, after notice of said acceptance. This is clearly a guaranty of the payment of the specific offer previously made by him, and can not in any way cover or secure the payment of any other or different propositions.

If the government, in a reasonable time accepted that proposal and notified the parties, the defendants were thereby rendered liable for its payment, and not otherwise. The government must assent to and accept the proposition as made; its acceptance must be exactly equal to its extent and provisions, and must not qualify them by any new matter; and the acceptance if different from the proposition is not sufficient to create a contract, although the difference may not be very important. As stated in 1 Pars. Cont. 477: "A party is at liberty to accept wholly, or to reject wholly, but one of these things he must do, for if he answers, not rejecting, but proposing to accept under some modifications, this is a rejection of the offer."

Without deciding, whether the letter of Linn of October 21, 1867, should be considered as in law a withdrawal of the offer of compromise, or whether the repeal, by act of 1868, of certain sections of the act in force at the time these returns were made, exonerated Linn from all liability, either to a criminal prosecution, or from any civil remedy of the government, I am clearly of opinion, that the government has never, up to the present moment, accepted the proposal of Linn, payment of which was guaranteed by the defendants. On the contrary, instead of accepting it, it appears to have acted upon the idea that it was withdrawn by Linn, and in July it accordingly instituted criminal proceedings against him for this very offence, causing him to be arrested, taken before a commissioner, and by him required to give bail in a heavy sum for his appearance before the circuit court, where he was afterwards indicted and where the prosecution is still pending. It may be, if the ruling of McCandless, J., in U. S. v. Finlay [Case No. 15,099], is correct, that this indictment, by force of the repealing clauses in act of 1868, cannot be maintained, but this result could not affect the present controversy. The government by thus indicting Linn has made its election to prosecute the party as a criminal if possible, rather than exonerate him from liability by a compromise and acceptance of his proposition.

It is claimed by the government, that the commissioner of internal revenue, on the 10th of June, 1869, did accept Linn's proposal for a compromise, and notified him and the defendants of its acceptance. This acceptance was after Linn had been indicted, and while the indictment was pending over him, and by thus resorting to the criminal law, I apprehend the government should be considered as having made its election not to accept the proposal; but without absolutely determining this point, an examination of the letter of the commissioner will at once demonstrate, that the proposition of Linn therein referred to and accepted is one quite different from that secured by the obligation of these defendants. By the latter, the defendants agreed to pay the amounts offered by Linn in his proposal of June, 1867, which were, the deficiency of the tax $2,786.41 with fifty per cent. penalty, viz. $1,393.20, and a fine of $2,000, amounting in the aggregate to $6,178.61. This was all for which the defendants could in any way be held accountable under their guaranty, if that proposition had then been accepted.

It is admitted that the only acceptance of any offer is to be found in the commissioner's letter of June 10, 1869, to the district attorney, in which he says, "I have concluded to accept the terms offered in compromise by defendant, to pay the sum of $4,179.61, as tax and assessed penalty," which is the precise amount of tax, $2,786.41, with fifty per cent. added, $1,393.20, "together with the further sum of $2,106.80 as specific

penalty. And on payment thereof and of the actual costs you will dismiss the case." Those sums without costs amount to $6,-286.41, which is $108.80, in excess of $6,-178.61, the amount assumed by defendants.

On reference to Linn's letter of August 20th, after the prosecution was instituted against him, it will be found to contain an entirely different offer of compromise from that of June, 1867, viz.: He there proposes to pay the tax of $2,786.41 and a fine of $3,500, with the costs of the prosecution. These sums amount to $6,286.41, which is the amount accepted by the commissioner in his letter of June, 1869. It is therefore quite apparent that the commissioner has never accepted Linn's original offer of compromise of June, 1867, and for the payment of which the defendants proposed to become accountable, but has accepted an entirely different offer, made by Linn, nearly two years subsequently, when he was under the duress of a criminal prosecution, and by which the government was to receive an amount considerably in excess of that for which the defendants could have ever been accountable.

The government must look to other claims against Linn on his new proposal, and as defendants have never guaranteed its payment, in the present case they are under no liability to the government and are entitled to judgment.

Judgment for defendants.